United States District Court
Southern District of Texas
**ENTERED**
July 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN R. GOLDEN, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-04093 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| WESTLAKE FINANCE | § | |
| SERVICES LLC and | § | |
| WESTLAKE DIRECT | § | |
| LLC, | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Kevin Golden proceeds here *pro se*. He brings this action against Defendants Westlake Financial Services, LLC, incorrectly named as Westlake Finance Services, LLC, and Westlake Direct LLC. He alleges violations of the Truth in Lending Act, the Fair Credit Billing Act, the Americans with Disabilities Act, and the Texas Deceptive Trade Practices Act, along with claims for breach of contract and fraudulent misrepresentation. Dkt 16 (amended complaint).

The case was referred to Magistrate Judge Richard Bennett for pretrial management. Dkt 5. Among other filings, Plaintiff brought a motion for preliminary injunction with reference only to his TILA and FCBA claims. Dkt 28. Pending from Judge Bennett is a thorough and well-reasoned Memorandum and Recommendation. Dkt 30. He recommends that the motion for preliminary injunction be denied, finding insufficient proof of likelihood of success on the merits, while also referencing that no showing was made as to irreparable harm.

A district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed untimely objections to the Memorandum and Recommendation. Dkt 36. Objection to the recommended disposition was thus waived.

Even though the merits needn't be addressed, the objections fail to meaningfully address the findings that Plaintiff hasn't demonstrated a substantial likelihood of success on the merits. See Dkt 30 at 4–7. Defendants are also correct in response that Plaintiff failed to demonstrate irreparable injury. Dkt 40 at 3; see also Dkt 30 at 4 (M&R, noting failure to address irreparable injury).

The Court has examined the objections *de novo* and finds that they lack merit for the reasons stated by the Magistrate Judge and by the response. See Dkts 30 & 40. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff are OVERRULED. Dkt 36.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Recommendation of this Court. Dkt 30.

The motion for preliminary injunction is DENIED. Dkt 28.

To the extent that the objections by Plaintiff purport to make request to amend the motion for preliminary injunction, the request is DENIED WITHOUT PREJUDICE. See Dkt 36 at 9. Such request doesn't state an objection, but

rather, addresses a matter that can and should be raised to the Magistrate Judge.

SO ORDERED.

Signed on July 3, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge