UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN R. GOLDEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4093 |
| | § | |
| **WESTLAKE FINANCE** | § | |
| **SERVICES, LLC, AND** | § | |
| **WESTLAKE DIRECT, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is *pro se* Plaintiff Kevin R. Golden's ("Plaintiff") Motion for Hearing for Default Judgment. (ECF No. 37). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Motion for Hearing for Default Judgment (*id.*) be **DENIED**.

### I.   Background

On October 18, 2024, proceeding *pro se*, Plaintiff filed suit against Defendants Westlake Services, LLC dba Westlake Financial Services, incorrectly named as Westlake Finance Services, LLC, and Westlake Direct,

---

[1] On November 15, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 5).

LLC's (collectively, "Defendants").  (ECF No. 1).  This case appears to arise out of an auto loan.  (ECF No. 54-1 at 5–9).

## II. Discussion

Plaintiff argues Defendants did not file an amended answer in response to Plaintiff's amended complaint (ECF No. 35).  (ECF No. 37 at 3).  As such, Plaintiff requests the Court "hold a hearing in which to determine whether the defendant has a default judgment pursuant to having failed to answer against the plaintiff's new claims and significant new allegations within the time prescribed."  (*Id.* at 5).

Construing Plaintiff's motion as a motion for default judgment, Defendants argue Plaintiff's motion is premature and procedurally improper.  (ECF No. 38 at 1).  Defendants explain that Plaintiff filed a second amended complaint (ECF No. 35) without leave of court and, thus, Defendants were under no obligation to respond.  (*Id.*).

The Court agrees with Defendants.  In a previous Memorandum, Recommendation, and Order, this Court struck Plaintiff's previously filed amended complaints (ECF Nos. 35, 53) that were filed without leave of court.  (*See* ECF No. 61 at 9).

The Court also notes that, in Plaintiff's motion for default judgment, he generally refers to filing an amended complaint on March 12, 2025.  (ECF No.

37 at 3). The docket does not show a filing on March 12, 2025; however, Plaintiff filed a request for leave to file an amended complaint on March 18, 2025, which was signed by Plaintiff on March 12, 2025. (See ECF No. 25). Nevertheless, filing a request for leave to file an amended complaint does not function as Plaintiff filing an amended complaint. As such, Defendants were under no obligations to respond to Plaintiff's request for leave to file an amended complaint.

Further, "[t]hree steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *Oyekwe v. Fed. Express Corp.*, No. 3:21-cv-1075, 2021 WL 6297775, at *1 (N.D. Tex. Dec. 17, 2021), *report and recommendation adopted*, No. 3:21-cv-1075, 2022 WL 60335 (N.D. Tex. Jan. 6, 2022) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing FED. R. CIV. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.*

Here, Plaintiff did not move for entry of default. Even if Plaintiff had moved for entry of default, Defendants are not in default as they have not failed

to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. As explained above, Plaintiff's request for leave to file an amended complaint does not function as Plaintiff filing an amended complaint and Plaintiff's previously filed amended complaint (ECF No. 35) was struck by the Court. (*See* ECF No. 61 at 9). Thus, Plaintiff is not entitled to a default judgment. *See Oyekwe*, 2021 WL 6297775, at *1.

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Motion for Hearing for Default Judgment (ECF No. 37) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on August 20, 2025.

_____
Richard W. Bennett
United States Magistrate Judge