United States District Court
Southern District of Texas
ENTERED
August 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN R. GOLDEN, Plaintiff, | § | CIVIL ACTION NUMBER 4:24-cv-04093 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| WESTLAKE FINANCE SERVICES, LLC and WESTLAKE DIRECT, LLC, Defendants. | § | |

## ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS

Plaintiff Kevin R. Golden proceeds here *pro se*. He sues Defendants Westlake Finance Services, LLC, and Westlake Direct, LLC, for violations of the Fair Credit Billing Act, the Truth in Lending Act, the Americans with Disabilities Act, the Texas Deceptive Trade Practices Act, the Equal Credit Opportunity Act, and the Fair Debt Collection Practices Act. Dkt 64 at 56–61, 66–71, 73–74 (second amended complaint). He also states claims for breach of contract and for various forms of fraud under Texas law. Id at 61–66, 71–73. The matter was referred for disposition to Magistrate Judge Richard Bennett. Dkt 5.

Prior order denied a motion by Plaintiff for preliminary injunction. Dkt 52. Plaintiff moved for reconsideration, which was denied upon the recommendation of Judge Bennett. See Dkts 56 (motion for reconsideration) & 77 (order denying).

Pending are motions by Plaintiff for relief from judgment, for new trial, to alter or amend judgment, and to object to prior order. Dkts 78, 79, 80, & 81. Also pending is

a motion by Defendants to dismiss the second amended complaint. Dkt 65.

Judge Bennett recommends that the motion to dismiss be granted as to each of Plaintiff's claims except for his claim under TILA. Dkt 88 at 31. Judge Bennett also recommends denying Plaintiff's other various motions, which he states all relate to the prior order denying the motion for reconsideration. Dkt 89 at 1, 5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

*As to the first Memorandum and Recommendation,* both parties filed objections. For his part, Plaintiff claims that Judge Bennett erred by (i) construing the relevant transaction as closed-ended, (ii) dismissing his ADA claim for failure to identify a physical place that violates that statute, (iii) finding that he failed to plead adverse action as required for his ECOA claim, (iv) dismissing his DTPA claim because he is not a consumer, (v) concluding that his fraud claims fail to satisfy Rule 9(b) of the Federal Rules of Civil Procedure, and (vi) dismissing his breach of contract claim. See Dkt 92 at 2–24. For their part, Defendants argue that the TILA claim should also be dismissed because Defendant Westlake Financial isn't a creditor under that statute, and Plaintiff's allegations to the contrary are conclusory. See Dkt 95 at 2–6. The parties have subsequently provided further briefing in response to and in support of these objections. See Dkts 98, 99 & 100.

On *de novo* review and determination all objections by the parties lack merit and will be overruled.

As to Plaintiff's objections, Judge Bennett correctly found that the FCBA doesn't apply to the automobile financing transaction at issue. See Dkt 88 at 8–9, citing *McLean v Big Dog Group, LLC*, 2016 WL 3211514, *9 (MD La) (observing that "onetime sale and purchase of a vehicle is outside the purview of [the FCBA]'s protections"). As noted by Defendants, Plaintiff's objection "merely repeats conclusory assertions that the transaction is open ended, without identifying any factual allegations to support that characterization." Dkt 99 at 2.

Judge Bennett also properly dismissed the ADA claim for failure to articulate in what way Defendants' place of business fails to comply with that statute, given that the allegations are directed at Defendants' online activities and use of a third-party payment processor. See Dkt 88 at 11; see also Dkt 99 at 3–4 (response).

Regarding the ECOA claim, Judge Bennett determined that Plaintiff failed to set out nonconclusory allegations of discrimination against him on any protected basis. See Dkt 88 at 13. It is noted in that respect that Plaintiff's assertions of discrimination based on his age in refusing to extend a line of credit to him are contradicted by his statement elsewhere that Defendants made this decision "relying on plaintiff's credit score." See Dkt 64 at 54. Defendants are also otherwise correct that Plaintiff's allegations relate not to any adverse action, but as to denial of a product not offered to anyone. Dkt 99 at 5.

Judge Bennett also correctly concluded that Plaintiff failed to plausibly allege that he was a consumer and that Defendants engaged in any deceptive conduct in violation of the Texas Business and Commerce Code, as required for his DTPA claim. See Dkt 88 at 27–30. The factual allegations identified in the objections don't cure these defects. Compare Dkt 92 at 16, with Dkt 99 at 6–7.

As to Plaintiff's claims sounding in fraud, Judge Bennett correctly determined that Plaintiff failed to make specific allegations sufficient to satisfy (at a minimum) the "who" and "what" as required by Rule 9(b). See 88 at 17. As noted by Defendants, Plaintiff hasn't named the individual

making any statement, thus rendering time, place, and manner equally deficient. Dkt 99 at 7.

Judge Bennett also correctly concluded that Plaintiff likewise failed to identify a specific contractual provision breached by Defendants. See 92 at 18–24. Response by Defendants makes this deficiency clear. Dkt 99 at 7–8.

The objections by Plaintiff otherwise fail to demonstrate error on the part of the Magistrate Judge.

As to Defendants' objections, Judge Bennett found that Plaintiff pleaded a plausible claim that Defendants violated TILA by failing to disclose that Westlake Finance was a party to the relevant transaction. See Dkt 88 at 7. Defendants object that Westlake Finance isn't the *creditor* in the relevant transaction, and thus that they had no obligation to disclose its identity. See Dkt 95 at 2–5. They further argue that Plaintiff's allegations that Westlake Finance was the *true creditor* should be disregarded as conclusory. See id at 5–6. But these arguments weren't contained in relevant portions of the motion and reply brief filed by Defendants. See Dkts 65 at 7–8 & 72 at 3. At least at this stage, Plaintiff's allegations are sufficient to set out a plausible TILA claim against Defendants. But for the avoidance of doubt, such determination is without prejudice to Defendants reasserting their arguments in a subsequent dispositive motion.

*As to the second Memorandum and Recommendation*, no party filed objections.

The objections by the parties to the first Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 92 & 95.

No clear error otherwise appears upon review and consideration of the Memoranda and Recommendations, the record, and the applicable law.

The Memoranda and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 88 & 89.

The motion to dismiss by Defendants Westlake Finance Services, LLC, and Westlake Direct, LLC, is GRANTED IN PART and DENIED IN PART. Dkt 65.

The motion is DENIED as to Plaintiff's TILA claim.

It is GRANTED as to claims under FCBA, ADA, DTPA, and ECOA, as well as claims under state law for wrongful repossession, breach of contract, fraudulent misrepresentation, common fraud, fraud in the inducement, and fraud by nondisclosure, all of which are DISMISSED WITH PREJUDICE.

The motions by Plaintiff Kevin R. Golden for relief from judgment, for new trial, to alter or amend judgment, and to object to prior order are DENIED. Dkts 78, 79, 80 & 81.

SO ORDERED

Signed on August 17, 2026, at Houston Texas.



Honorable Charles Eskridge
United States District Judge